UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FAIR AMERICAN INSURANCE AND
REINSURANCE COMPANY,

                    Plaintiff,

v.                                        CIVIL ACTION NO.   2:21-CV-00212

CAPITOL VALLEY CONTRACTING, INC., et al.,

                    Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "*Motion for Summary Judgment*" filed by Plaintiff Fair American Insurance and Reinsurance Company ("Plaintiff" or "Fairco"), and is referred to the undersigned for disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 16; ECF No. 26; ECF No. 29.) For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I.      BACKGROUND

In order to perform construction work on public projects, contractors are generally required by law to purchase a performance bond from a surety company to guarantee the reasonable cost of the materials, machinery, equipment and labor required for the completion of the project in the event the contractor fails or is otherwise unable to complete the project as agreed. *See, e.g*., W. Va. Code § 38-2-39. Surety companies sell these bonds in exchange for the contractor's agreement to indemnify the surety for such financial losses if the contractor defaults on a construction project, and often the

agreement even allows the surety to step in and replace contractors who abandon or otherwise are unable to complete a project.[1] The case at hand arises from this context.

Capitol Valley Contracting, Inc. ("CVC") was a contractor on several public construction contracts performed in West Virginia and Ohio between 2016 and 2017. Fairco, a surety company, brings this action for breach of contract based upon the failure of Defendants CVC, CVC's President Mickey L. Farmer, Jr. ("Mr. Farmer"), and CVC's Secretary Jeanne M. Farmer (collectively, "Defendants") to indemnify Fairco for financial losses it allegedly sustained pursuant to a number of performance bonds Fairco issued to CVC in connection with these public construction contracts.

Fairco issued the performance bonds on behalf of CVC pursuant to a General Agreement of Indemnity (the "GAI"). (ECF No. 29-2; ECF No. 29-3; ECF No. 29-4; ECF No. 29-5; ECF No. 29-6; ECF No. 29-7.) The parties do not dispute that the GAI was signed on behalf of CVC by its President, Mickey L. Farmer, Jr., and by Mr. Farmer individually. (ECF No. 29-2 at 5, 8; ECF No. 32.) There is also a signature on the GAI purporting to be that of CVC Secretary Jeanne M. Farmer ("Ms. Farmer"), but by sworn affidavit Ms. Farmer denies that she signed the GAI and states that she "ha[s] no knowledge of" Fairco.[2] (ECF No. 34.)

Pursuant to the terms of the GAI, its signatories are jointly and severally liable as follows:

---

[1] The Court takes judicial notice of these facts for clarity.

[2] The GAI is marked with the handwritten initials "MLF" and "JMF" at the bottom of each of its nine (9) pages, and the full signatures of individuals purporting to be Mr. Farmer and Ms. Farmer appear on page eight (8) of the GAI, accompanied by each person's business address, telephone number, residence address, and social security number. (ECF No. 29-2 at 8.) Each of these signatures are notarized by Leslie Putillion Jr., a West Virginia notary, who indicated on the same page along with his official seal that on April 4, 2016, Mr. Farmer and Ms. Farmer each "before me personally came . . . to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me that he executed the same." (*Id.*)

> The Indemnitors agree and bind themselves, . . . jointly and severally, to indemnify and save harmless Surety from and against any and all liability, claims, loss, costs, damages, demands, charges, suits, judgments or expenses of whatever nature or kind and arising out of or in any way connected with such Bonds, including but not limited to fees of attorneys and other expenses, cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover indemnification from Indemnitors or recoveries from third parties, whether the Surety shall have paid or incurred same[.]"

(ECF No. 29-2 at 1, 3.) Further, pursuant to the GAI, Fairco was given the additional right "in its sole discretion" as follows:

> to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes and its determination as to whether such suit or claim should be settled or defended shall be binding and conclusive on Indemnitors. Surety shall have the right to incur such expenses in handling a claim as it shall deem advisable, including but not limited to the expense for investigative, accounting, engineering and legal services [and] . . . [i]n any claim, demand for indemnity or suit hereunder, an itemized statement of foresaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers, affidavits or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of the Indemnitors.

(*Id.* at 2.) The GAI further provides that "this Agreement shall be interpreted and governed in all respects in accordance with the laws of the State of New York." (*Id.* at 4.)

After the bonds were issued, CVC experienced cash flow issues caused by "slow receivables," and was unable to complete the work it had agreed to undertake under the public construction contracts. (ECF No. 32 at 1; ECF No. 29-1.) As a result, Fairco became liable under the performance bonds and incurred $303,081.59 to ensure completion of the projects as well as $28,795.38 to satisfy claims from CVC's subcontractors, materialmen, and laborers. (ECF No. 29-1; ECF No. 29-8; ECF No. 29-9.) Finally, in connection with fulfilling its obligations under the performance bonds and pursuing indemnity under the GAI, Fairco has incurred attorneys' fees, costs and expenses as well

as consultant's fees, costs, and expenses, totaling $100,762.24. (ECF No. 29-1 at 6-7). Thus, Fairco filed this civil action on April 6, 2021, seeking indemnity under the GAI in the amount of $432,639.21. (ECF No. 1; ECF No. 30 at 1.)

On July 20, 2021, Fairco moved for summary judgment on its breach-of-contract claim against Defendants as set forth in Count I of the Complaint. (ECF No. 1 at 8; ECF No. 29 at 2.) Fairco argues that CVC breached its duty to indemnify and hold Fairco harmless for the $432,639.21 incurred in connection with the performance bonds; Fairco seeks judgment against the Defendants jointly and severally in that amount. (ECF No. 29 at 1-2.) Fairco's motion also contains a "warning to *pro se* parties" regarding Defendants' obligation to respond. (*Id.* at 2-3) (citing *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Likewise, in its July 20, 2021 briefing Order, the Court expressly notified Defendants of their rights and obligations under *Roseboro*,[3] and that their failure to respond "may result in entry of summary judgment granting the relief sought in the Complaint." (ECF No. 31 at 2.)

Defendants filed a four-paragraph Response on August 3, 3021, setting forth four factual assertions. (ECF No. 32.) First, Defendants state that "[i]n July of 2018 due to slow receivables Capitol Valley's Bonding Company took possession of jobs and receivables and control from Capitol Valley." (*Id.* ¶ 1.) Defendants further claim that "[m]onies owed to Capitol Valley from these jobs were held by clients and Fair American Insurance has not shown that these monies were received[;] [t]he amounts of contracts

---

[3] Specifically, the Court notified Defendants of their right and obligation to (1) respond with "specific facts that show that Plaintiff and Defendants actually disagree about one or more important facts present in this case;" (2) submit "affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting their positions in the case;" and (3) "address, as clearly as possible, the issues and facts stated in the Complaint and in the affidavits or other evidence submitted by Plaintiff." (ECF No. 31 at 1-2) (citing *Roseboro*, 528 F.2d 309).

and money due shown by Fair American does not match records." (*Id.* ¶ 2.) Additionally, Defendants hedge that "[i]t is also believed that Capitol Valley equipment was used on one particular job with no mention of value for its use." (*Id.* ¶ 4.) Defendants do not cite to any record evidence or submit any additional evidence in support of these three statements; nor do they specify or elaborate upon the "jobs," "monies," "clients," "records," or "equipment" to which the Response vaguely refers. (*See id.*) Based upon these unsupported statements, Defendants conclude that Fairco "has not shown correct amounts of monies to be collected." (*Id.* at p. 2.) Finally, Defendants assert that "Jeanne M. Farmer has no knowledge of Fair American Insurance and has never signed any agreements with Fair American Insurance." (*Id.* ¶ 3.) Defendants conclude that Ms. Farmer "has no obligations to Fair American." (*Id.* at p. 2.)

On August 13, 2021, Defendant Jeanne M. Farmer supplemented the Response with an Affidavit executed on August 11, 2021. (ECF No. 34.) Ms. Farmer attests that she "ha[s] no knowledge of Fair American Insurance and Reinsurance Company and ha[s] not signed any documents relating to the above [case style]." (ECF No. 34 at 1.) Defendants' submissions do not cite to any other materials in the record or any other evidence.

Fairco filed its Reply on August 5, 2021. (ECF No. 33.) Fairco's Reply emphasizes the conclusory and unsupported nature of Defendants' Response as well as Defendants' factual admissions by operation of Rule 36(b) of the Federal Rules of Civil Procedure. (*Id.*) With the filing of Fairco's Reply, the motion is now fully briefed and ripe for adjudication.

## II.   <u>LEGAL STANDARD</u>

### A.   <u>Choice of Law</u>

Before addressing the substantive arguments in Plaintiffs' motion, the Court must determine the appropriate source of governing substantive law. Fairco asserts that the law of the State of New York should apply to this breach-of-contract action because Fairco is a New York corporation and the GAI contains a choice-of-law provision.[4] (ECF No. 30 at 13.) "When exercising diversity jurisdiction, a federal district court must apply the choice-of-law rules of the state in which it sits" to determine which substantive law applies. *Cavcon, Inc. v. Endress + Hauser, Inc.*, 557 F. Supp. 2d 706, 719 (S.D.W. Va. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "Generally, West Virginia courts will uphold a choice of law provision in a contract" unless "[1] the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or [2] when the application of that law would violate the public policy" of West Virginia. *Fifth Third Bank v. Revelation Energy, LLC*, 3:18-cv-0270, 2019 WL 2126706, at *2 (S.D.W. Va. May 14, 2019). Here, the parties do not contest the choice of law provision in the GAI, and on the Court's review of the record there is no indication that either exception to upholding the choice of law provision applies; as such, the GAI is interpreted under New York law. *See id.*

B.   **Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment.  In pertinent part, this rule directs that summary judgment "shall" be granted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers*

---

[4] Section 9 of the GAI provides that "[t]his Agreement shall be interpreted and governed in all respects in accordance with the laws of the State of New York." (ECF No. 29-2 at 4.)

6

*v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

When opposing a properly-supported motion for summary judgment, "[t]he burden is on the non-moving party to show that there is a genuine issue of material fact for trial[.]" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). To meet this burden, the non-moving party "may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts" by offering "sufficient proof in the form of admissible evidence[.]" *Liberty Lobby*, 477 U.S. at 256; *Guessous*, 828 F.3d at 216. Such evidence may include "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). The non-moving party cannot meet its burden to show a genuine issue of material fact when it sets forth nothing more than the "mere existence of a scintilla of evidence[.]" *Liberty Lobby*, 477 U.S. at 252. Likewise, "conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion." *Safeco Ins. Co. of Am. v. Mountaineer Grading Co.*, 2:10-cv-01301, 2012 WL 830158, at *3 (S.D. W. Va. Mar. 9, 2012).

Nonetheless, even when facts established by a motion for summary judgment are left uncontroverted by the non-moving party, the Court must nonetheless examine the merits of the moving party's arguments "and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Lovejoy v. Saldanha*, 838 F. Supp. 1120, 1121 n.1 (S.D. W. Va. 1993); *Bridgestone Americas Tire Operations, LLC v. Pristine Clean Energy, LLC*, No. 1:21-cv-14, 2021 WL 4822489, at *2 (N.D.W. Va. Oct. 15, 2021).

### C.   <u>Applicable Law</u>

"[I]n a contract dispute, summary judgment will be awarded only where the language of the contract is unambiguous." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996) (applying New York law). When the language in the contract is clear, "the Court must give effect to the express rights and obligations of the parties contained therein and such interpretation is an issue of law that may be determined on a motion for summary judgment." *N. Am. Specialty Ins. Co. v. Montco Constr. Co., Inc.*, 01CV0246E, 2003 WL 21383231, at *5 (W.D.N.Y. 2003) (citations omitted) (applying New York law).

An "Indemnity Agreement is not only valid and enforceable under New York law . . . but also governs the relationship between the parties to the extent that [], a general contractor, has expressly agreed to indemnify [], the surety, for losses arising from claims made on the Bond." *Id*. (citations and internal citations omitted). In the absence of bad faith, the indemnity agreement governs the relationship between the contractor and the surety, and is valid and enforceable. *Gen. Ins. Co. of. Am. V. K. Capolino Constr. Corp.*, 903 F.Supp. 623, 626 (S.D.N.Y. 1995); *Travelers Cas. & Surety Co. v. Dale*, 542 F. Supp. 2d 260, 264 (S.D.N.Y. 2008). Furthermore, courts have upheld indemnity agreements

that provide that "the vouchers or other evidence of any such payments shall be prima facie evidence of the fact and amount of defendant's liability to plaintiff." *Liberty Mut. Ins. Co. v. ConMas, Inc.*, 10-cv-717, 2011 WL 5008303, at *2 (N.D.N.Y. Oct. 20, 2011).

## III.  DISCUSSION

### A.    Discovery Admissions

As an initial matter, the Court must determine whether Plaintiff's requests for admissions are deemed admitted under Rule 36 as a result of Defendants' failure to respond to the requests.  Rule 36 of the Federal Rules of Civil Procedure, which governs the scope and procedure for discovery requests, provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  "It is well established that failure to respond to requests for admission is deemed to be an admission of the matters set forth." *Bridgestone*, 2021 WL 4822489, at *2 (citing *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 666 (N.D.W. Va. 1975)).

Nonetheless, the Court is mindful of Defendants' status as pro se litigants. Parties proceeding pro se may not be "aware of the detrimental impact of not responding to the requests for admission." *Simpson v. Kapeluck*, 2:09-cv-21, 2010 WL 1981099, at *5 (S.D.W. Va. May 14, 2010), *aff'd*, 402 F. App'x 803 (4th Cir. 2010). *See also United States v. Turk*, 139 F.R.D. 615, 617 (D. Md. 1991) ("[T]he Court is reluctant to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure.").  Here, the record indicates that, when Fairco served the requests, Defendants were not issued a warning that the requests would be deemed admitted if Defendants failed to respond.  *See* (ECF

No. 29-11.)  While the Federal Rules of Civil Procedure do not require notice to a pro se party that failure to admit or deny requests for admissions deems the admissions admitted, courts have expressed reluctance to decide a case on the merits against pro se litigants based on deemed admissions. *Simpson*, 2010 WL 1981099, at *5.

Inasmuch as Defendants are proceeding pro se and were not informed of the detrimental effect of not admitting or denying the requests for admissions, the Court declines to hold that Fairco's requests for admissions are deemed admitted by Defendants.  *See id*.  Thus, the Court will consider Fairco's motion without Defendants' deemed admissions.

### B.  Plaintiff's Breach-of-Contract Claim against CVC and Mr. Farmer

Upon review of the record, the Court finds that there is no genuine dispute as to any material fact on Plaintiff's breach-of-contract claim as to CVC or Mr. Farmer  because no reasonable jury could return a verdict for these Defendants. *Anderson*, 477 U.S. at 248. Under New York law, "[t]he essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Maspeth Fed. Sav. & Loan Ass'n v. Yeshiva Kollel Tifereth Elizer*, 153 N.Y.S.3d 580 (N.Y. App. Div. 2021). Fairco has established each of these elements. Fairco submitted the uncontroverted affidavit of Bill Hattings, Fairco's third-party administrator, as well as copies of the performance bonds and other evidence demonstrating that the parties entered into the GAI, that Fairco performed its obligations under the GAI by issuing the bonds and ensuring completion of the construction projects, that Defendants have breached their contractual obligation to indemnify Fairco, and that

Fairco has incurred damages in the amount of $432,639.21. *See* (ECF No. 29-1 through ECF No. 29-11.)

With the exception of Ms. Farmer individually, discussed *infra*, the parties do not dispute that Defendants signed the GAI. *See* (ECF No. 32.) Further, the parties do not dispute that Fairco performed its obligations under the GAI including taking on responsibility for the completion of the construction projects when CVC defaulted. (*Id.*) In fact, Defendants expressly concede that Fairco took on these responsibilities after CVC experienced cash flow issues in July of 2018 "due to slow receivables[.]" (*Id.*)

Upon review, the Court finds the terms of the GAI to be clear and unambiguous. *Liberty Mut. Ins. Co.*, 2011 WL 5008303, at *2. Under the express terms of the GAI, an indemnity obligation clearly exists. *See Safeco*, 2012 WL 830158, at *7. Specifically, the GAI provides that the signatories will indemnify Fairco for:

> any and all liability, claims, loss, costs, damages, demands, charges, suits, judgments or expenses of whatever nature or kind and arising out of or in any way connected with such Bonds, including but not limited to fees of attorneys and other expenses, cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover indemnification from Indemnitors or recoveries from third parties, whether the Surety shall have paid or incurred same[.]"

(ECF No. 29-2 at 1, 3.) Defendants do not dispute that they have breached this obligation. *See* (ECF No. 32.)

While it is unclear from Defendants' barebones Response, Defendants appear to raise a factual dispute regarding the amount of damages owed under the GAI, asserting that (1) Fairco "has not shown" an offset for receipt of "[m]onies owed to [CVC] from these jobs;" (2) "[t]he amounts of contracts and money due shown by [Fairco] does not match records;" and (3) Defendants "believe[] that [CVC] equipment was used on one particular job" and the "value for its use" ostensibly should offset a portion of the damages. (*Id.*)

Generally, "[a] document filed pro se is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even construing Defendants' assertions liberally and in the light most favorable to them, they have failed to raise a genuine dispute of material fact as to the amount of damages.  Defendants do not cite to any record evidence or submit any additional evidence in support of these three factual statements. Defendants merely conclude that Fairco "has not shown correct amounts of monies to be collected" based upon Defendants' unsupported "belief" and vague statements that raise the specter of "jobs," "monies," "clients," "records," or "equipment" without any elaboration or support. (*See id.*)

Defendants were specifically warned—both by the Court and in Fairco's own motion—of their obligation to set forth specific facts by offering proof in the form of evidence. (ECF No. 29 at 2; ECF No. 31.) *See also Liberty Lobby*, 477 U.S. at 256. However, the only evidence Defendants offered was Ms. Farmer's affidavit disputing her own individual "knowledge of [Fairco]" and execution of the GAI. (ECF No. 34.) Defendants' remaining positions rely only on conclusory allegations and unsupported speculation and are therefore "insufficient to preclude the granting of a summary judgment motion." *Safeco*, 2012 WL 830158, at *3.

Fairco met its burden of establishing evidence of its appropriate payment. The GAI expressly provides that "[i]n any claim, demand for indemnity or suit hereunder, an itemized statement of aforesaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers, affidavits or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of Indemnitors." (ECF No. 29-2 at 1.) *See also Liberty Mut. Ins. Co.*, 2011 WL 5008303, at *3 (citation omitted) (explaining that a plaintiff makes a *prima facie* showing of good faith and reasonable

payment "with the sworn affidavit of the surety claims specialist, the indemnity agreement, the bonds and documentation of payment"). *See also Berkley Regional Ins. Co. v. Weir Bros., Inc.*, (2013) (finding attorney fees incurred by surety in enforcement action appropriate pursuant to terms of the indemnity agreement). All of Fairco's actions were expressly authorized by the GAI. (ECF No. 29-2 at 1.) As a result of CVC's undisputed failure to complete the construction projects due to cash flow issues, Fairco was reasonable in pursuing completion of the bonded projects. *See Safeco*, 2012 WL 830158 at *8.

Based upon Fairco's submissions, the Court finds that Fairco has demonstrated that it is entitled to judgment as a matter of law in the amount of $432,639.21 as to Defendants CVC and Mr. Farmer. These Defendants are contractually obligated under the GAI to indemnify Fairco for the losses, expenses, consulting fees and attorney fees it incurred as a result of issuing the performance bonds on behalf of CVC, and summary judgment is **granted** as to Fairco's breach-of-contract claim against CVC and Mr. Farmer, jointly and severally. However, as discussed *infra*, there remains a genuine dispute of material fact as to Ms. Farmer's individual liability.

C.    **Ms. Farmer's Individual liability**

Finally, the Court addresses Ms. Farmer's defense raised in her Response that she has no knowledge of Fairco and has never signed any agreements with Fairco. (ECF No. 32.) Unlike Defendants' other factual assertions, Ms. Farmer's defense is supported by an affidavit. (ECF No. 34.) Fairco challenges Ms. Farmer's attestation that she did not sign the GAI as "weak" in light of conflicting evidence such as the fact that her purported signature on the GAI was notarized.  (ECF No. 33 at 8-9.)

Fairco's argument that summary judgment as to Ms. Farmer is appropriate because her affidavit is less credible than other evidence on the record "reveals a misunderstanding regarding the nature of the Court's role in summary judgment." *Cochran v. W. Va. Reg'l Jail*, No. 3:13-cv-10176, 2014 WL 2589705, at *4 (S.D.W. Va. June 10, 2014).  It is well established that "[c]redibility judgments and the weighing of the evidence are for the jury to perform, not the Court."  *Id.* Drawing all reasonable inferences in favor of the non-moving party, the Court finds that a genuine issue of material fact exists as to whether Defendant Jeanne M. Farmer signed the GAI and is therefore individually liable to Fairco. Thus, Plaintiff is not entitled to judgment as a matter of law on its breach-of-contract claim as to Ms. Farmer, and summary judgment on this basis is **denied**. Trial will be limited to this contested issue of fact.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, Plaintiff Fair American Insurance and Reinsurance Company's Motion for Summary Judgment (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**. Specifically, on its breach-of-contract claim, Plaintiff is entitled to judgment as a matter of law in the amount of $432,639.21, jointly and severally against Defendants Capitol Valley Contracting, Inc. and Mickey L. Farmer, Jr., individually. However, regarding the individual liability of Defendant Jeanne M. Farmer, there remains a triable issue of fact regarding her alleged execution of the General Agreement of Indemnity.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        December 6, 2021

Dwane L. Tinsley
United States Magistrate Judge